UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 22, 2019

LETTER TO THE PARTIES

      RE:    *Mira M. v. Commissioner, Social Security Administration*;[1]
             Civil No. SAG-17-2333

Dear Plaintiff and Counsel:

      On August 15, 2017, Plaintiff Mira M., who now appears *pro se* following the withdrawal of her attorney, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the SSA's Motion for Summary Judgment, in addition to arguments made by Plaintiff's prior representatives during and following her administrative hearing, and a medical opinion Plaintiff filed with this Court.[2] ECF 24, 26. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff protectively filed her claim for benefits on February 28, 2013, originally alleging a disability onset date of November 1, 2010.[3] Tr. 156-64. Her claim was denied initially and on reconsideration. Tr. 95-98, 102-03. A hearing, at which Plaintiff was accompanied by a representative, was held on April 20, 2016, before an Administrative Law Judge ("ALJ"). Tr. 45-60. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 22-38. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, advising her of the potential consequences of failing to oppose the dispositive motion. ECF 25. Plaintiff did not file a formal response, despite extensions of time to permit Plaintiff to find counsel or to submit documentation. ECF 22, 27. As noted above, however, Plaintiff filed one new medical opinion as an attachment to a motion for extension of time. ECF 26.

[3] At the hearing, Plaintiff amended her alleged onset date to May 1, 2012. Tr. 48, 74.

The ALJ found that Plaintiff suffered from the severe impairments of "high blood pressure, bipolar disorder, anxiety disorder, depression, and post-traumatic stress disorder." Tr. 24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) that is semi-skilled except she has the ability to frequently interact with supervisors and coworkers; occasionally interact with the general public; understand, remember, and carry out instructions which are for simple and repetitive tasks frequently; and perform work that does not require satisfaction of production pace.

Tr. 26. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 37-38. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 38.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). I note that the record contains a substantive letter Plaintiff's prior representative sent to the Appeals Council requesting review of the ALJ's decision, and I have reviewed the letter's contents.[4] Tr. 255-57. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, and determined that she had not engaged in substantial gainful activity since her alleged onset date. Tr. 24; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented her from working. *See* Tr. 24; 20 C.F.R. § 416.920(a)(4)(ii). After finding several of Plaintiff's impairments to be severe, Tr. 24, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 25-26. In particular, the ALJ identified and considered Listings 12.04 (affective disorders), and 12.06 (anxiety related disorders). Tr. 25. With respect to each listing, the ALJ cited to the evidence of record and explained that Plaintiff met neither the "paragraph B," nor "paragraph C" criteria of the mental health listings, as in effect at the time of the ALJ's decision. Tr. 25-26. I have carefully reviewed the record, and I agree that no listings are met in this case.

---

[4] The representative's letter focused on the ALJ's evaluation of the opinion evidence and alleged failure to conduct a function by function analysis before determining Plaintiff's RFC. Tr. 255-57.

In considering Plaintiff's RFC, the ALJ summarized her subjective complaints from her hearing testimony as part of an extensive and detailed review of her medical records. Tr. 27-34. The ALJ noted, among other findings, that Plaintiff's activities of daily living, as determined by her own subjective statements, were inconsistent with a disabling level of impairments, that Plaintiff failed to exhaust treatment options suggested by her treating physician and was non-compliant with taking her prescribed medications, and that Plaintiff's credibility was undermined because she made inconsistent statements regarding the reason she was "let go" from her job. Tr. 34. The ALJ reviewed the specific medical evidence supporting those assessments. *Id.* The ALJ then provided an extensive analysis of the medical opinion evidence, and assigned varying degrees of weight to all of the opinions. Tr. 35-36.

In particular, the letter that Plaintiff's prior representative sent to the Appeals Council objected to the ALJ's evaluation of the opinions of Plaintiff's treating physician, Dr. Catalano, the State consultative examiner, Dr. Kannan, and the assessments of the Disability Determination Services ("DDS") at the initial and reconsideration levels. Tr. 255-256. Dr. Catalano filled out a "Multiple Impairment Questionnaire" in January, 2014, and indicated, in part, that Plaintiff's primary symptoms were fatigue, depression, palpitations, and dizziness, Tr. 796, that Plaintiff could only stand or walk for two hours of the work-day, Tr. 797, that she could never lift over 10 to 20 pounds, *see* Tr. 798 (opining that Plaintiff could never lift 10 to 20 pounds, but then stating that Plaintiff was significantly limited only in "[l]ifting weights over 20 pounds,"), and that she was not able to push, pull, kneel, bend, or stoop, Tr. 801. Dr. Catalano wrote that her opinion was based on "BP readings in office [and] [c]ardiology notes." Tr. 795. The ALJ assigned Dr. Catalano's opinion little weight because she "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant . . . the opinion expressed [was] quite conclusory, providing very little explanation of the evidence relied on in forming that opinion and appears to rest, at least in part, on an assessment of impairments outside the doctor's area of expertise." Tr. 36. The ALJ included an extensive review of Dr. Catalano's treatment notes and opinion. Tr. 27, 32-33, 36. The ALJ discussed Dr. Catalano's notes that Plaintiff's blood pressure and supraventricular tachycardia were "well controlled" on medication, that her "prognosis was good as long as she continued her medications and avoided stimulants," and that Plaintiff's head and neck pain "could be managed by exercise, proper work habits, and pain medications." Tr. 32. Furthermore, it bears noting that at the hearing, Plaintiff's representative stated that Plaintiff's case for disability rested only with limitations caused by her mental impairments and stated that "[p]hysically is not where her limitations are . . . moving forward, it will be the bipolar, the depression and anxiety." Tr. 48.

The ALJ assigned Dr. Kannan's opinion significant weight, because it was "consistent with a longitudinal review of the evidence of record." Tr. 36. The ALJ also assigned significant weight to the DDS assessments, because they were "consistent with the credible evidence of record," although the ALJ noted that subsequent evidence supported greater limitations with regards to Plaintiff's ability to maintain concentration, persistence, or pace. *See* Tr. 35, 66-67, 83. While the ALJ did not provide an explanation for finding greater limitations in Plaintiff's lifting ability than those found by Dr. Kannan or the DDS reconsideration opinion, *see* Tr. 85,

992, any such error would be harmless, because it was to Plaintiff's benefit that the ALJ included a more restrictive RFC.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported his RFC determination and evaluation of the opinion evidence with substantial evidence.

At steps four and five, relying on the VE's testimony, the ALJ determined that a person with Plaintiff's RFC could not perform her past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 36-38. Because the VE testimony constitutes substantial evidence to support the ALJ's conclusion, the ALJ's determination must be affirmed.

I have reviewed the medical opinion from Dr. Ghislaine Fougy, submitted by Plaintiff along with her most recent motion for extension of time. ECF 26. This Court cannot consider evidence that was not presented to the SSA, but is permitted, if appropriate, to remand a case for consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). When invoking sentence six, a court does not affirm or reverse the SSA's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1991)). The medical opinion from Dr. Fougy does not meet either prong of that standard. Dr. Fougy's treatment of Plaintiff ranged from March 11, 2016 to July 17, 2018, and the ALJ's opinion is dated July 13, 2016, so only a few months of Dr. Fougy's treatment overlapped with the period considered by the ALJ. ECF 26 at 2; Tr. 38. Nevertheless, Plaintiff could have submitted an opinion from Dr. Fougy at the time of the administrative proceeding, but did not. In the current posture, without any treatment records from Dr. Fougy to corroborate the assertions in the opinion, the opinion would not change the ALJ's analysis, which was premised on specific record evidence contradicting Dr. Fougy's assertions.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 24, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge